SMITH, Judge.
Elbert Smith’s gain-time earned on a pri- or sentence was revoked by the Department of Corrections upon his conviction for escape. Section 944.28(1), Florida Statutes (1977), provides:
If a prisoner is convicted of escape, or if the clemency or parole granted to him is revoked, the Department of [Corrections] may, without notice or hearing, declare a forfeiture of all gain-time earned and extra gain-time allowed such prisoner, if any, prior to such escape .
Smith appeals from the trial court’s summary denial of his petition for habeas corpus, which alleged that the due process clauses of the United States and Florida Constitutions require that Smith be afforded a hearing by the Department before forfeiture of his gain-time, and that due process also “requires the legislature to specify guidelines and standards for this permissive taking of gain time when an individual is convicted of escape.”
The petition for habeas corpus lacks an allegation that Smith asked for and was denied a hearing, lacks allegations concern *120 ing the manner in which the Department exercises its power under the statute, and lacks reliance upon Article II, Section 3, and Article III, Section 1, Florida Constitution. The petition’s general and conclusory allegations are insufficient to raise the potentially significant questions that have been argued. Moreover, if the trial court necessarily passed on the constitutionality of Section 944.28(1), we have some doubt of this court’s jurisdiction of the appeal. Article V, Section 3(b)(1), Florida Constitution.
AFFIRMED.
BOYER, Acting C. J., and MILLS, J., concur.